1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER HAGSTROM,

                Plaintiff,

   v.

SAFEWAY INC,

                Defendants.

Case No. C20-1160 RAJ-TLF

ORDER TO SHOW CAUSE

Noted for December 18, 2020

11        This matter comes before the Court on plaintiff's motion for leave to file an

12 amended complaint (Dkt. 17) and defendant's motion to strike plaintiff's first amended

13 complaint (Dkt. 20). For the reasons set forth below, plaintiff is directed to show cause

14 why plaintiff's motion to file an amended complaint should not be denied and why the

15 Court should not grant defendant's motion to strike plaintiff's first amended complaint. In

16 the alternative, plaintiff may file a second proposed amended complaint for the Court to

17 consider in determining plaintiff's motion for leave to file an amended complaint.

18               FACTUAL AND PROCEDURAL BACKGROUND

19        Plaintiff originally filed this action before the Superior Court of Washington in and

20 for King County alleging causes of action for negligence and respondeat superior

21 against Safeway Inc. ("Safeway"), Safeway Store #2734, and Doe Defendants. Dkt. 1-2.

22 Defendants removed this action to this Court on July 29, 2020. Dkt. 1

23
24
25

ORDER TO SHOW CAUSE - 1

On August 10, 2020 plaintiff filed an amended complaint raising the same causes of action but adding Albertson Holdings, LLC and AB Acquisitions, LLC, as defendants. Dkt. 16. On August 27, 2020 plaintiff filed a Motion for Leave to File Amended Complaint, to Relate Amendment Back and to Remand to State Court. Dkt. 17. In her motion, plaintiff explained that after filing the first amended complaint (Dkt. 16), defendant contacted plaintiff objecting to the amended complaint indicating that it was improper under Fed. R. Civ. P. 15 and that adding Safeway's parent companies was improper. Dkt. 17 at 4. Plaintiff further stated that the parties ultimately agreed that filing the amended complaint was proper under Fed. R. Civ. P. 15. Dkt. 17 at 4 n. 1. Plaintiff filed her pending motion to ensure that there were no irregularities in connection with the joinder of Albertson Holdings, LLC and AB Acquisitions, LLC in this action and because plaintiff believed that the new parties destroyed diversity jurisdiction. *Id.*

Plaintiff's motion argues that pursuant to Fed. R. Civ. P. 15, the Court should grant plaintiff leave to file an amended complaint. Dkt. 17 at 6-9. Additionally, plaintiff requests that the Court make a finding that the claims against Albertson Holdings, LLC and AB Acquisitions, LLC relate back to the date that plaintiff's complaint was originally filed. *Id.* at 9-13. Finally, plaintiff requests that if the Court grants plaintiff's motion, the Court should also remand this case back to state court because Albertson Holdings, LCC, is a Washington limited liability company. *Id.* at 13-14.

Safeway filed a motion to strike plaintiff's first amended complaint for damages. Dkt. 20. First, Safeway notes that plaintiff has added Albertson Holdings, LLC, a Washington limited liability company, as Safeway's parent company. *Id.* at 2. However, Safeway informs the Court that Safeway's parent company is Albertson's Holdings,

1    LLC, a Delaware corporation. *Id.* Safeway states that Albertson Holdings, LLC, a

2    Washington limited liability company, is a different unrelated entity and is not Safeway's

3    parent company. *Id.* Additionally, Safeway states that AB Acquisition, LCC is the parent

4    company of Albertson's Holdings, LLC, the Delaware corporation. *Id.*

5           Based on the foregoing, Safeway argues that Albertson Holdings, LLC, the

6    Washington limited liability company, is not a proper party because it is unrelated to

7    Safeway or any other party. Dkt. 20 at 3. Additionally, Safeway argues that Albertson's

8    Holdings, LLC and AB Acquisition, LLC are not proper parties because plaintiff cannot

9    satisfy the elements necessary to pierce the corporate veil. *Id.* at 4-6. Accordingly,

10   Safeway argues that plaintiff cannot state a valid claim against Albertson's Holdings,

11   LLC or AB Acquisition, LLC and the Court should therefore strike plaintiff's amended

12   complaint as futile. *Id.* at 5-6.

13          Plaintiff filed a response in opposition to Safeway's motion to strike. Dkt. 26.

14   Plaintiff acknowledges that plaintiff inadvertently added Albertson Holdings, LLC, the

15   Washington limited liability company, instead of Albertson's Holdings LLC, the Delaware

16   corporation. *Id.* at 8-9. Plaintiff argues that the Court should grant plaintiff leave to

17   amend the complaint to add the correct parties to this litigation. Dkt. 26 at 10-12.

18          Plaintiff argues that Safeway has not met its burden in showing that amendment

19   would be futile. Dkt. 26. at 11. Plaintiff contends that if plaintiff's claims against

20   Safeway's parent companies were futile Safeway would have made this clear in their

21   answer to the complaint and in answering plaintiff's requests for admissions. *Id.* Plaintiff

22   maintains that she asked Safeway to admit that no third party was at fault in causing

23   plaintiff's injuries and Safeway responded that Safeway lacks sufficient information to

24

25

1   either admit or deny the request. *Id.* at 6, 11. Based on this response, plaintiff argues

2   that Safeway cannot show that plaintiff's claims against Safeway's parent corporations

3   are futile and the Court should grant plaintiff leave to amend the complaint. *Id.* at 12.

4       Safeway filed a response to the plaintiff's motion for leave to amend the

5   complaint. Dkt. 28. Safeway argues that the Court should deny plaintiff's motion as futile

6   because plaintiff has not produced evidence to support a basis to pierce the corporate

7   veil and therefore cannot state a claim against Safeway's parent companies. *Id.* at 7-8.

8       Plaintiff and Safeway have each filed a reply brief in support of their respective

9   pending motion. Dkt. 30, 32. Plaintiff has withdrawn her motion for remand, but is still

10  requesting that the Court grant plaintiff leave to amend the complaint and find that

11  plaintiff's amended complaint relates back to the date of the original complaint. Dkt. 30.

12  DISCUSSION

13   A. <u>Leave to Amend</u>

14       Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for

15  amendment as of right, pleadings may be amended only with the opposing party's

16  written consent or by leave of the court. Leave to amend should be freely given when

17  justice so requires. Fed.R.Civ.P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d

18  1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.")

19       The Court must consider five factors when determining the propriety for leave to

20  amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,

21  and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at

22  1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). For each of these

23  factors, the party opposing amendment has the burden of showing that amendment is

24

25

not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

There is no evidence that plaintiff seeks to amend the complaint in bad faith, to cause undue delay or for an otherwise improper purpose. Additionally, Safeway has not shown that Safeway will be prejudiced by granting leave to amend to add Safeway's parent companies. Instead, Safeway opposes plaintiff's amended complaint contending that the proposed amendments would be futile because plaintiff cannot provide evidence justifying piercing the veil to hold Safeway's parent companies liable.

1. Futility of Amendment

Futility of amendment alone can justify the denial of a motion to amend. *Johnson*, 356 F.3d at 1077. Leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018). However, a plaintiff is not required to produce evidence supporting the amended complaint at this early pleading stage, rather an amended complaint must plead facts sufficient to plausibly state a claim. *See, Barahona*, 881 F.3d at 1134, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that the standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

It is a general principle of corporate law that a parent company is not inherently liable for the torts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). This corporate veil may be pierced when "the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the

shareholder's behalf." *Id.* at 62. State corporate law and common law principles of liability apply in determining whether the corporate veil should be pierced, unless there is express statutory authority otherwise. *Id.* at 63.

Under Washington law, to pierce the corporate veil and hold a parent company liable, the plaintiff "must show that there is an overt intention by the corporation to disregard the corporate entity in order to avoid a duty owed to the party seeking to invoke the doctrine." *Minton v. Ralston Purina Co.*, 146 Wn.2d 385, 398 (2002). Generally, the plaintiff must demonstrate that the parent company manipulated the entities in order to avoid the legal duty. *Id.* Alternatively, a plaintiff may also pierce the corporate veil by demonstrating an alter ego theory of liability. *Grayson v. Nordic Constr. Co.*, 92 Wn.2d 548, 553 (1979).

Further, a parent company can be held directly liable for its own conduct when the parent company directly participates in the conduct, directs the conduct, or the alleged wrong can otherwise be traced to the actions of the parent company. *Bestfoods*, 524 U.S. at 64-65.

Plaintiff's proposed amended complaint alleges that the newly added defendants are Safeway's parent companies. Dkt. 18-3 at ¶¶ 4-5. Plaintiff's amended complaint alleges that she was injured when she slipped and fell on a liquid substance while shopping at a Safeway supermarket/grocery store in Kirkland, Washington. *Id.* at ¶¶ 24-29. The proposed amended complaint alleges that the defendants are liable for negligence as a result of this incident. *Id.* at ¶¶ 30-36. Finally, the amended complaint alleges that Safeway's parent companies are liable for plaintiff's injury under a respondeat superior theory of liability. *Id.* at ¶¶ 37-38.

1         Plaintiff's amended complaint does not provide any facts indicating that

2   Albertson's Holdings, LLC or AB Acquisitions, LLC disregarded the corporate entity to

3   avoid a duty owed to plaintiff or otherwise manipulated the entities in this action to avoid

4   a legal duty. Plaintiff's amended complaint also fails to allege any facts indicating that

5   plaintiff is relying on an alter ego theory of liability. Accordingly, plaintiff has not alleged

6   any facts, that if proven, would warrant the Court piercing the corporate veil to hold

7   these parent companies liable.

8         Additionally, the proposed amended complaint does not allege facts indicating

9   that Albertson's Holdings, LLC or AB Acquisitions, LLC, exercised control over the

10  Safeway store location in question or directed Safeway's conduct in operating this

11  location. For this reason, plaintiff's complaint does not allege facts, supporting a theory

12  of direct liability against Albertson's Holdings, LLC or AB Acquisitions, LLC.

13        Based on plaintiff's current proposed amended complaint, it appears that

14  plaintiff's proposed amendments are futile because they do not allege facts that, if

15  proven, would constitute a valid claim for liability against Albertson's Holdings, LLC or

16  AB Acquisitions, LLC.

17        <u>CONCLUSION</u>

18        Based on the foregoing, plaintiff is directed to show cause why plaintiff's motion

19  for leave to amend (Dkt. 17) should not be denied as futile and Safeway's motion to

20  strike (Dkt. 20) should not be granted. In the alternative, plaintiff may file a second

21  proposed amended complaint curing, if possible, the deficiencies identified above. If

22  plaintiff elects to file a second proposed amended complaint, the Court will review the

23  proposed amended complaint to determine if leave to file the proposed complaint as the

24

25

operative complaint is warranted. Plaintiff may either show cause why her motion should not be denied or file a second proposed amended complaint, on or before **December 18, 2020**.

Additionally, at this time, plaintiff's motion for a finding that the proposed amendments relate back to the date of the original complaint is moot. Accordingly, the Court will consider plaintiff's motion to relate back if plaintiff shows cause why the proposed amendments are not futile or submits a second proposed amended complaint.

The Clerk is directed to send this Order to counsel for the parties in this action.

Dated this 20th day of November, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 8